**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02261-REB-CBS

CHERI GABRIEL,

    Plaintiff,

v.

COLORADO MOUNTAIN MEDICAL, P.C., and
DR. BROOKS BOCK,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO RECONSIDER

**Blackburn, J.**

The matter before me is **Defendants' Motion To Reconsider Order Denying Motion for Summary Judgment [#49]** [51],[1] filed October 14, 2014. I grant the motion, vacate my prior order denying defendants' motion for summary judgment, grant defendants' motion for summary judgment, and provide for the entry of summary judgment in favor of defendants.

The bases for granting reconsideration are extremely limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.

---

[1] "[#51]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing and system (CM/ECF). I use this convention throughout this order.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).  Contrary to defendants's suggestion, I did not misperceive their position in denying their motion for summary judgment – I fully understood defendants to argue that plaintiff's evidence failed to establish a causal connection between her termination and her request for FMLA leave.  However, it appears on further consideration that I did misapprehend the relevant law regarding FMLA interference claims and that, properly considered, defendants are entitled to summary judgment on this remaining claim.

By this lawsuit, plaintiff brings a single claim of interference with her right to take leave under the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654.  ***See*** 29 U.S.C. § 2615(a)(1) ("It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided in this subchapter.").  ***See also Smith v. Diffee Ford-Lincoln-Mercury, Inc***., 298 F.3d 955, 960 (10th Cir. 2002) ("Employees are authorized under 29 U.S.C. § 2617(a) to bring an action to recover damages for violations of § 2615.").  The elements of an FMLA interference claim have been set forth clearly by the Tenth Circuit:

> To prevail on an interference or entitlement theory, the plaintiff must demonstrate:  (1) that he [or she] was entitled to FMLA leave, (2) that some adverse action by the employer interfered with his [or her] right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of his FMLA rights.

***Metzler v. Federal Home Loan Bank of Topeka***, 464 F.3d 1164, 1180 (10th Cir. 2006) (quoting ***Jones v. Denver Public Schools***, 427 F.3d 1315, 1319 (10th Cir. 2005)) (internal quotation marks omitted).  Unlike a claim for retaliation under section 2615(a)(2) – as to which plaintiff bears the burden of proof on the element of causation

2

– once plaintiff demonstrates the first two elements of her interference claim, it is defendants who must establish "that the adverse decision was not related to the exercise or attempted exercise of [the employee's] FMLA rights." ***Dalpiaz v. Carbon County, Utah***, 760 F.3d 1126, 1132 (10th Cir. 2014) (citation and internal quotation marks omitted; alteration in original). *See also **Campbell v. Gambro Healthcare, Inc**.*, 478 F.3d 1282, 1287 (10th Cir. 2007); ***Metzler***, 464 F.3d at 1180. "Under this theory, a denial, interference, or restraint of FMLA rights is a violation regardless of the employer's intent." ***Metzler***, 464 F.3d at 1180.

Nevertheless, section 2615(a)(1) does not make an employer strictly liable. *Id.* "[A]n employee who requests FMLA leave would have no greater protections against his or her employment being terminated for reasons not related to his or her FMLA request than he or she did before submitting the request." ***Smith***, 298 F.3d at 960 (citation and internal quotation marks omitted). *See also **Gunnell v. Utah Valley State College***, 152 F.3d 1253, 1262 (10th Cir. 1998) ("Under FMLA, an employee who requests leave or is on leave has no greater rights than an employee who remains at work."). Thus, an employer is not liable for interference with the statutory right to FMLA leave (or the concomitant right to reinstatement following leave) "if the dismissal would have occurred regardless of the employee's request for or taking of FMLA leave." ***Smith***, 298 F.3d at 961.[2]

---

[2] ***See*** 29 U.S.C. § 2614(a)(3)(B) ("Nothing in this section shall be construed to entitle any restored employee to ... any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken the leave."); 29 C.F.R. § 825.216(a) ("An employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave period.").

As interpreted by the Tenth Circuit, this element of an FMLA interference claim requires a direct causal link between the refusal to reinstate plaintiff and her request for FMLA leave:

> In meeting this burden, the employer is not required to show that the adverse employment decision and the employee's FMLA request are completely and entirely unrelated. While "related" may be defined in a broad sense as simply "connected" or "associated" in some way, our cases have clarified that an "indirect causal link between dismissal and an FMLA leave is an inadequate basis for recovery."

*Dalpiaz*, 760 F.3d at 1132 (quoting **Bones v. Honeywell International, Inc.**, 366 F.3d 869, 877-78 (10th Cir. 2004); other citations omitted). Specifically, "[t]he FMLA only protects an employee's right to request and take leave while ill"; it does not prevent the employer from terminating an employee for reasons related to the illness for which she took FMLA leave. **McBride v. CITGO Petroleum Corp.**, 281 F.3d 1099, 1108 (10th Cir. 2002). Stated differently, "the FMLA [does] not extend to employees such additional protections as a ban on dismissal for poor performance caused by illness or the right to demonstrate improved performance when not ill." **Smith**, 298 F.3d at 961.

Such is precisely the nature of plaintiff's claim here. Plaintiff was terminated for a variety of performance-based reasons – her alleged unprofessional demeanor and appearance, negative attitude, distractibility, forgetfulness, one-the-job fatigue, and recent purchase of a gun (*see* **Plf. Resp. App.**, Exh. 3) – all of which were related to her mental illness, according to her doctor (*id.*, Exh. 4 at 15). Her employer, defendant Colorado Mountain Medical ("CMM"), felt that these problems were exacerbated when plaintiff worked a 24-hour shift at her second job immediately prior to reporting for work

4

at CMM. (*Id.*, Exh. 3.)  Defendant Brooks Bock, CMM's Chief Executive Officer, testified that CMM had concerns with plaintiff's "emotional stability after a 24-hour shift with the ambulance company in the past.  And we weren't prepared to see whether it would occur again."  (*Id.*, Exh. 2 at 53.)  Defendant terminated plaintiff because she would not agree to not work such shifts prior to reporting for work at CMM.[3]

Plaintiff claims that CMM violated the FMLA by refusing to reinstate her to the same position (i.e., one that did not require her to forgo her second job) when her treating doctor had cleared her to return to work.  This argument is misplaced because it goes to the second element of plaintiff's claim, regarding interference, rather than to the question whether defendants' decision was related to her exercise of her rights under the FMLA.  As to this relevant inquiry, there is no genuine dispute of material fact to suggest that plaintiff's termination was related to her FMLA leave, as opposed to the illness that necessitated the taking of that leave.  "[T]he FMLA does not protect an employee from performance problems caused by the condition for which FMLA leave is taken, nor does it require that an employee be given an opportunity to show improved job performance when not ill."  *McBride*, 281 F.3d at1108.  Plaintiff has demonstrated no more than this here.

---

[3] Plaintiff argues that she was never told of this condition on her return to employment and that she would have been willing to adjust her schedule as CMM suggests was required.  This dispute is irrelevant to the ultimate issue whether plaintiff's termination was related to her request for FMLA leave, as opposed to her illness or the effects thereof.  Moreover, the court's job "is to prevent unlawful [employment] practices, not to act as a 'super personnel department' that second guesses employers' business judgments." *Dalpiaz*, 760 F.3d at 1133 (citation and internal quotation marks omitted).  Thus, it is not relevant that CMM may have been mistaken in its assessment that plaintiff could not perform her job despite her doctor's clearance or that it made that determination in contravention of plaintiff's doctor's contrary opinion.

I thus find and conclude that I erred in denying defendants' motion for summary judgment. I therefore grant the motion to reconsider to rectify that error of law.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendants' Motion To Reconsider Order Denying Motion for Summary Judgment [#49]** [51], filed October 14, 2014, is **GRANTED**;

2. That my **Order Denying Motion for Summary Judgment** [#49], filed September 15, 2014, is **VACATED**;

3. That **Defendants' Motion for Summary Judgment** [#37], filed June 4, 2014, is **GRANTED**;

4. That plaintiff's claim for interference with her right to reinstatement following FMLA leave in violation of 29 U.S.C. § 2615(a)(1) is **DISMISSED WITH PREJUDICE**;

5. That judgment with prejudice **SHALL ENTER** on behalf of defendants, Colorado Mountain Medical, P.C., and Dr. Brooks Bock, and against plaintiff, Cheri Gabriel, on plaintiff's claim for interference with her right to reinstatement following FMLA leave in violation of 29 U.S.C. § 2615(a)(1);

6. That judgment with prejudice also **SHALL ENTER** on behalf of defendants, Colorado Mountain Medical, P.C., and Dr. Brooks Bock, and against plaintiff, Cheri Gabriel, on all other claims previously asserted in this lawsuit, in accordance with my **Order Dismissing All Claims Except the Claim for an FMLA Interference** [#36], filed June 4, 2014;

7. That the combined Trial Preparation Conference and Final Pretrial Conference set January 30, 2015, at 10:30 a.m., and the trial set to commence February 17, 2015, are **VACATED**; and

8.  That defendants are **AWARDED** their costs, to be taxed by the clerk of the court under Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated December 23, 2014, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge